UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILYNCIA D. GREER,

    Plaintiff,                                       Civil Action No. 11-10330

v.                                                 HON. MARK A. GOLDSMITH
                                                    U.S. District Judge
                                                    HON. R.  STEVEN WHALEN
COMMISSIONER OF SOCIAL               U.S. Magistrate Judge
SECURITY,

    Defendant.
_____/

**REPORT AND RECOMMENDATION RE: ATTORNEY FEES**

This is a Social Security Disability appeal filed under 42 U.S.C. § 405(g).  On March 29, 2012, this Court granted Plaintiff's motion for summary judgment and remanded for further administrative proceedings [Doc. #14]. On April 27, 2012, Plaintiff filed a motion for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A) [Doc. #16]. The motion has been referred for a Report and Recommendation pursuant to 28 U.S.C.  § 636(b)(1)(B).  For the reasons discussed below, I recommend that the motion for attorney fees [Doc. #16] be GRANTED.

### I.    STANDARD OF REVIEW

The Equal Access to Justice Act ("EAJA") is one of some 131 fee shifting statutes enacted by Congress.  *See Coulter v. State of Tennessee*, 805 F.2d 146, 148 (6th Cir. 1986). Specifically, 28 U.S.C. § 2412(d)(1)(A) provides, in pertinent part:

> "Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses...incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States...unless the court finds the position of the United

> States was substantially justified or that special circumstances make an award unjust."

In the context of a Social Security case brought under 42 U.S.C. § 405(g), a plaintiff such as Ms. Greer who wins a Sentence Four remand directing further administrative proceedings is a "prevailing party" within the meaning of the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 301-302, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993). Thus, the salient question in the present case is whether the position of the United States was "substantially justified." Under the EAJA, the government has the ultimate burden of showing that its position was substantially justified such as to support a denial of attorney fees. *United States v. 0.376 Acres of Land*, 838 F.2d 819, 829 (6th Cir. 1988); *United States v. True*, 250 F.3d 410, 419, fn. 7 (6th Cir. 2001). The resolution of that question is addressed to the district court's discretion. *Pierce v. Underwood*, 487 U.S. 552, 563, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988).

Attorney's fees claimed under the EAJA must be reasonable. *Glass v. Secretary of HHS*, 822 F.2d 19, 21 (6th Cir. 1987). As the Supreme Court noted in *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." In *Glass*, 822 F.2d at 21, the Sixth Circuit, citing *Coulter v. State of Tennessee*, 805 F.2d 146, 149 (6th Cir. 1986), recognized "that the rate-times-hours method of calculation, also known as the 'lodestar' approach, includes most, if not all, of the factors relevant to determining a reasonable attorney's fee."

## II.  DISCUSSION

Plaintiff seeks an award of $3,881.25, based on 28.25 hours of work billed at $125.00 per hour, plus the $350.00 filing fee. In its response [Doc. #18], Defendant agrees that the

amount of fees and costs is reasonable, as do I. As to the hourly rate, the statutory hourly maximum under 28 U.S.C. § 2412(d)(2)(A) is $125.00. Moreover, the amount of time Plaintiff's counsel spent on this case is reasonable.[1]

The only question remaining is who gets the money. The Defendant contends that under *Astrue v. Ratliff,* 130 S.Ct. 2521 (2010), payment should be made to the Plaintiff, after the Commissioner verifies that she owes no pre-existing debt subject to offset on the date of the award. Plaintiff has executed an assignment of EAJA fees to her attorney, and asks that payment be made directly to her attorney.

In *Ratliff*, the Supreme Court held that EAJA attorney fees belong to the claimant, not to the claimant's attorney, and that the award of fees "is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." The claimant in *Ratliff* in fact owed the Government a debt that predated the district court's approval of the EAJA award. However, the Court noted, albeit in dicta, that "the Government has...continued the direct payment [to attorneys] practice where the plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney." *Id*. at 2259.

Following *Ratliff*, a number of district courts have held that if there is an assignment of EAJA fees, and if there is no pre-existing debt to the Government, then fees should be paid directly to the attorney. *See Hilker v. Astrue,* 2010 WL 5553980, *1 (S.D.Ohio) (fees payable directly to counsel based on assignment because government failed to identify any preexisting debt); *Bates v. Commissioner of Social Sec*. 2011 WL 2149349, *3 (N.D. Ohio 2011) ("If Defendant determines Plaintiff does not owe a debt to the government, and there is a valid assignment of the fees, the Court sees no reason for the government not to honor

---

[1] In *Glass v. Secretary of HHS*, 822 F.2d 19, 20 (6th Cir. 1987), the Sixth Circuit noted that "the experienced district judge is very likely correct that twenty to thirty hours may well be the norm for attorneys to handle most [social security] cases...."

the assignment and pay the fees directly to counsel"); *Walker v. Astrue*, 2011 WL 1297744, *2 (M.D.Ala. 2011) ("[P]ursuant to the assignment agreement between Plaintiff and counsel, attorney's fees may be made payable to Plaintiff's attorney, subject to any offset which may be applicable"). *But see Snyder v. Commissioner of Social Sec*. 2011 WL 66458, *3 (N.D. Ohio 2011) (court order payment directly to plaintiff, with instructions to "leave it to counsel to collect his fee from Plaintiff in accordance with their agreement").

In *Cowart v. Commissioner of Social Sec.*, 795 F.Supp.2d 667, 671 (E.D. Mich. 2011), I found as follows where there was a written assignment of EAJA fees:

> "In this case, there is a written assignment of any EAJA fees from Ms. Cowart to her attorney. As long she owes no pre-existing debt to the Government, there is nothing in *Ratliff* that would prevent this Court from honoring her assignment. Indeed, to do so would at least partially address Justice Sotomayor's concern, expressed in her concurring opinion in *Ratliff*, that the decision "will make it more difficult for the neediest litigants to find attorneys to represent them in cases against the Government." *Id*. at 2532 (concurring opinion of Sotomayor, J.)."

Indeed, the Commissioner in this case acknowledges the assignment, and concludes, "If, after the Court awards EAJA fees, the Commissioner can verify that Plaintiff owes no pre-existing debt subject to offset on the date of the award, the Commissioner will direct that the award be made payable to Plaintiff's attorney pursuant to the EAJA assignment duly signed by Plaintiff." *Defendant's Response* [Doc. #18], at 2.

There being no real disagreement, I will therefore follow the common practice and recommend that the Commissioner be given the opportunity to determine whether there is a pre-existing debt that would offset the EAJA fees. *See Cutler v. Astrue* 2011 WL 901186, *1 (N.D.Ohio) (N.D.Ohio,2011) (fees payable directly to attorney "after the defendant has completed its customary investigation into any outstanding federal debts owed by the plaintiff"); *Taylor v. Astrue* , 2011 WL 1261138, *2 (N.D.Ill. 2011) ("After the award is entered, if the Government determines that plaintiff owes no such debts, the Government will

-4-

direct that the fee award and expenses be made payable to plaintiff's attorney pursuant to the EAJA assignment signed by the parties"); *Bates, supra,* at *3 ("Courts...have been consistent in applying *Ratliff* for the proposition that any award—regardless to whom it is paid—is first subject to offset for any preexisting federal debt"). If there is no pre-existing debt to the government, then the EAJA fees should be paid directly to the Plaintiff's attorney.

### III.  CONCLUSION

For these reasons, I recommend that Plaintiff's motion for attorney fees and costs under EAJA be GRANTED, and that she be awarded fees and costs in the amount of $3,881.25.

I further recommend that no later than 14 days from the date of a final order granting this motion, the Commissioner will determine whether the Plaintiff owes the Government a pre-existing debt. If no such debt is owed, then payment of the EAJA fees will be made directly to Plaintiff's attorney. If the Plaintiff does owe a pre-existing debt, the EAJA fees will be offset by the amount of the debt, with any remainder to be paid to Plaintiff's attorney.

Any objections to this Report and Recommendation must be filed within 14 days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir.  1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.  1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within 14 days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                **s/ R. Steven Whalen**
                                                R. STEVEN WHALEN
                                                UNITED STATES MAGISTRATE JUDGE

Date: February 28, 2013

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on February 28, 2013.

                                                Johnetta M. Curry-Williams
                                                Case Manager